ELLA F. SMITH, appellant,

*v.*

LEMUEL F. CRATER, respondent.

1. The presentation of a claim to an administrator after he has initiated
proceedings to declare the estate insolvent suspends the running of the statute
of limitations.

2. Suit can be brought in such cases only where a claim is excepted to and
the claimant elects to sue, or where the administrator gives the claimant no-
tice to sue.

3. Where the claim is founded upon a bond secured by mortgage, the claim
upon the bond of decedent may be presented to the administrator before the
mortgaged premises are sold.

On appeal from a decree of the ordinary, whose opinion is re-
ported in *Crater* v. *Smith, 15 Stew. Eq. 348.*

Letters of administration of the personal estate of Zachariah
Z. Smith, late of the county of Morris, deceased, were granted

by the surrogate of Morris county to Richard H. Stephens and Stephen Babbitt on the 14th day of October, 1884.

On the same day, the surrogate made an order limiting the period for the presentation of creditors' claims against the estate at nine months from the date of the order, which order was duly published by the administrators.

On the 9th day of January, 1885, Lemuel F. Crater, Jr., presented a claim against said estate for the principal and interest due upon a bond given to him by said decedent for the payment of $4,400, in the penal sum of $8,800, dated April 11th, 1882, which bond was secured by a mortgage of the same date upon lands of said decedent.

On the 3d day of August, 1885, the orphans court made a decree barring creditors who had not theretofore presented their claims.

On the 15th day of March, 1886, the administrators filed their final account, showing a balance to be divided among the general creditors of said estate, and also filed an account of the goods and chattels, rights and credits of said decedent, and a report of the claims and demands exhibited against said estate, among which was included the claim of Lemuel F. Crater, Jr., for $5,028.60, the amount stated as then due upon his bond for $4,400.

On the 30th day of March, 1886, the appellant, Ella F. Smith, filed her exceptions to the said account and report, and to the said claim of Crater, the respondent.

That Lemuel F. Crater now holds a bond given by Zachariah Z. Smith to him for the payment of $4,400 in the penal sum of $8,800, dated April 11th, 1882.

That this bond was secured by a mortgage upon lands of said Smith; that the mortgage was foreclosed and the property sold August 22d, 1885, for $3,500, and purchased by the said Crater, who received his deed September 19th, 1885.

That there remained unpaid on said bond August 22d, 1885, the sum of $1,764.02, reserving reference to the master's statement of sale.

That the said Lemuel F. Crater, Jr., presented his claim Jan-

uary 5th, 1885, against the estate, on said bond, duly verified according to law, but has taken no action at law to recover a judgment thereon, except filing his claim as aforesaid, to which no exceptions other than those of the present exceptant were filed or taken.

That the administrators of said Smith have given notice that they would, on the 5th day of April, 1886, make a report of the several claims and demands exhibited against said estate and the amount of the personal and real estate, and would also make application at the same time to have the estate declared insolvent.

*Mr. Henry C. Pitney, Jr.,* for appellant.

*Mr. James J. Bergen,* for respondent.

The opinion of the court was delivered by

VAN SYCKEL, J.

This is an appeal from a decree of the prerogative court, reversing the decree of the orphans court of the county of Morris.

The question arises upon the allowance of a claim of the respondent against the insolvent estate of one Zachariah Z. Smith, the appellant having excepted thereto in the orphans court.

The claim allowed is for the principal and interest of a bond dated April 11th, 1882, secured by a mortgage of the same date, given by said decedent in his lifetime to the respondent.

Letters of administration of the estate of the decedent were granted October 14th, 1884. On the same day, an order was taken requiring creditors to bring in their claims within nine months. Within the time so limited the claim was duly presented.

The respondent foreclosed his mortgage, and the mortgaged premises were sold under the decree of foreclosure on the 22d day of August, 1885.

Notice was given by the administrators, on the 25th of January, 1886, that the report of claims and of the amount of the personal and real estate would be made on the 5th of April then next, and that an application would then be made to declare the

·estate insolvent. The report of claims was made, and exception was taken March 30th, 1886, by the appellant, a creditor, to the ·claim of the respondent, upon the ground that the mortgage had been foreclosed since the death of the intestate and the premises sold, and that no suit had been brought upon the bond to re-·cover the deficiency within six months from the time the mort-.gaged premises were so sold, nor at any other time.

It was therefore claimed that, by force of the act of March ·23d, 1881 (*P. L. p. 184*), the equity of redemption was extin-.guished, and respondent had accepted the lands in full satisfaction of his debt. That act requires all suits on the bond to be ·commenced within six months from the date of the sale of the mortgaged premises. The orphans court rejected the claim, be-·cause suit had not been commenced within the time so limited. On appeal to the prerogative court, the decree of the orphans ·court was reversed, and the claim allowed.

The act of 1881 prohibits suit upon the bond until sale is ·made under the decree of foreclosure, but does not prevent the ·creditor from presenting his claim to the administrator under the .rule to bar. If not presented within the time so limited, it can-.not be presented at all. The object of said act is to compel the mortgagee to look primarily to the mortgaged premises for payment, and to limit the time for suing upon the bond for ·deficiency to six months from the date of sale. It would be .a perversion of the law to so construe it, that, in case of the death ·of the obligor before the foreclosure sale, his personal liability on the bond could not be resorted to. There is nothing in the lan-.guage of the act which indicates an intention to deprive the bond-holder of ·his right of action under any circumstances, provided he sues within the limited time. No summons was issued in this case within the prescribed six months, hence the question .arises whether the claim is lost where the statutory proceedings ·to declare the estate insolvent have been initiated before the expiration of the period of limitation.

The eighty-sixth section of the orphans court act (*Rev. p. 771*) in relation to insolvent estates, provides that any creditor, or ·other person interested, may file exceptions to the account of the

Smith v. Crater.

administrator, and the administrator, or any person interested, may file exceptions to the claim of any creditor, and the court shall hear the proofs and allegations of the parties, and upon such exceptions decree and determine in regard to said claim as may be just and lawful, and, in case no exception be made against any claim, it shall be held and deemed as justly due.

The eighty-seventh section provides that if any creditor, whose claim is excepted to, shall elect to proceed at common law or in equity, in preference to having the same determined by the orphans court, such creditor shall so proceed at once, but if he recovers judgment he cannot issue execution, nor can he change the forum, or bring suit, unless his claim is excepted to, or notice is given to him by the administrator to do so. In the absence of exception or notice to sue, the statute declares that the claim "shall be held and deemed as justly due," and thereby establishes it as firmly as could the judgment or decree of the court. Any further action on the part of the claimant is dispensed with.

In *Wemple* v. *Von Arx, 17 Vr. 531,* where a rule to bar was taken, and subsequently application .made to declare the estate insolvent, as here, this court overruled the judgment of the supreme court on the express ground that the order for limitation was the initial step in the procedure, and, in furtherance of the general legislative purpose, it must be considered that the subsequent application to declare the estate insolvent related back to and became part of and annexed itself to such initial order. In that way this court said the application for a decree of insolvency became contemporaneous with the order to limit creditors, and consequently the judgment recovered subsequent to the order to limit was subordinated to the procedure, as in case of insolvent estates.

In *Reeves* v. *Townsend, 2 Zab. 396, 403,* Mr. Justice Carpenter, in speaking of these provisions in respect to insolvent estates, says: "The policy of the act seems to be to draw the settlement of such estates within the summary and convenient jurisdiction of the orphans court, not only to give in that forum a complete remedy to the creditor who may duly exhibit his claim, but under its provisions to protect the administrator or executor who

fully complies with its directions in the administration of the estate. The creditor is barred of his action unless he exhibits his claim. If the creditor exhibits the claim, and it is adjusted under the act, he is entitled to receive ratably, according to the amount of his claim. The act provides for two cases in which actions may be brought and prosecuted to judgment, and by strong implication seems to deny them in all others, the effect of the judgment being, in both cases, simply to ascertain when the claim is valid, the plaintiff in neither case being permitted to issue execution."

The appointment of a receiver for the benefit of all the creditors of a firm, in analogy with a creditor's bill, suspends the running of the statute of limitations in equity against claims by firm creditors for the payment of partnership debts out of the firm assets in the receiver's hands. *Kirkpatrick* v. *McElroy, 14 Stew. Eq. 539.*

The cases are strictly analogous ; the fund to be disposed of is within the control of a court of jurisdiction competent to administer it, and to adjudicate the rights of all creditors who may set up a claim to any part of it. To what useful end, therefore, could an action be maintained, in cases other than those specified ?

The creditor in this case, not having pursued his remedy at law when his claim was excepted to, thereby submitted to the jurisdiction of the orphans court, and left his demand to the adjudication of that tribunal.

Under the authority of *Wemple* v. *Von Arx, supra,* the jurisdiction of that court attached at the date of the initial order by relation, and suspended the running of the statute of limitations as against this creditor before the expiration of six months from the foreclosure sale.

When the proceedings were instituted to declare the estate insolvent, whereby the orphans court assumed jurisdiction of this claim against the fund to be administered, the creditor became entitled to a decree according to his rights as they then existed.

The orphans court having, by virtue of its granted power, taken control of the claim then free from the defence now set up, had

full authority, without any aid from a court of law, or any further act of the creditor, to preserve and enforce his rights. Not only was such interference unnecessary, but, if suit had been brought, the administrator could have set up the proceedings in bar. Upon principle, suit at law was no more essential to the preservation of the creditor's *status* in this case than was the refiling of the chattel mortgage for the security of the mortgagee, after equity had assumed jurisdiction. *National Bank of the Metropolis* v. *Sprague, 6 C. E. Gr. 530.*

In that case, this court adjudged that equity is able, unassisted, to give the relief to which a party is entitled, when its aid is invoked, and that therefore refiling was not required in order to maintain the standing of the mortgagee in its tribunals.

The decree of the prerogative court should be affirmed, with costs.

*Decree unanimously affirmed.*